**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos DIAZ–MARQUEZ,**
**Defendant–Appellant.**

**No. 04–41701.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 18, 2006.

James Lee Turner, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Juan Carlos Diaz–Marquez (Diaz) appeals his 58–month sentence for having entered the United States illegally after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Diaz contends that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime, in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

The district court's sentence pursuant to a mandatory guideline scheme constitutes *Fanfan* error. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. *See id.* at 464–65. If the Government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing. *Id.* at 463.

The sentencing transcript does not reveal whether the district court would have imposed the same sentence had the Guidelines been advisory. Because the Government cannot meet its burden, we vacate Diaz's sentence and remand the case for resentencing. *See id.* at 464–66.

Diaz also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury, on authority of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Diaz's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Diaz contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Diaz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further

review. Accordingly, Diaz's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be